CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 2 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY LEON YOUNG, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:11CV00201 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| HAROLD CLARKE, DIRECTOR, ) | By: Hon. Glen E. Conrad |
| VIRGINIA DEPT. OF CORRECTIONS, ) | Chief United States District Judge |
| ) | |
| Respondent. ) | |

Gregory Leon Young, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Young challenges the validity of his conviction in the Circuit Court of the City of Danville, Virginia. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## Background

On September 19, 2007, Young was tried by a jury in the Circuit Court of the City of Danville for armed robbery, in violation of Virginia Code § 18.2-58. Young was convicted of the offense and sentenced, in accordance with the jury's verdict, to a term of life imprisonment.

Young thereafter appealed the conviction to the Court of Appeals of Virginia. In his petition for appeal, Young raised three claims: (1) that the evidence was insufficient to support his conviction; (2) that the trial court erred by denying two of his proffered jury instructions; and (3) that the verdict should have been set aside by the trial court because the prosecutor's misconduct during defense counsel's closing argument interfered with Young's right to effective assistance of counsel.

On August 14, 2008, a single judge of the Court of Appeals denied Young's petition for appeal. That decision was upheld by a three-judge panel on October 28, 2008. Young then filed a petition for appeal in the Supreme Court of Virginia. The petition was refused on February 23, 2009.

On September 8, 2009, Young filed a petition for writ of habeas corpus in the Circuit Court of the City of Danville, in which he alleged that his appellate counsel provided ineffective assistance. The petition was dismissed by the Circuit Court on December 30, 2009. Young's subsequent appeal was refused by the Supreme Court of Virginia on November 17, 2010.

On April 21, 2011, Young filed the instant petition pursuant to 28 U.S.C. § 2254. The petition asserts the following claims:

- A. The Circuit Court and the Court of Appeals erred in not setting aside the jury verdict, since the evidence was insufficient to prove that the defendant used a deadly weapon in committing the robbery;

- B. The decision of the Court of Appeals on the sufficiency of the evidence was based on an unreasonable determination of the facts and was not supported by the record; and

- C. The petitioner was denied due process in relation to claim A when the Court of Appeals "ignored and refused to decide the specificity of the claim" as preserved at trial by the motion to set aside the verdict and as presented to the Court of Appeals.

On June 6, 2011, the respondent moved to dismiss the petition. The respondent's motion is now ripe for review.

## Standards of Review

A federal petitioner challenging a state conviction or sentence generally must exhaust remedies available in the state in which he was convicted before seeking federal habeas relief. 28 U.S.C. § 2254(b). To properly exhaust state remedies, the petitioner must fairly present the

substance of his claims to the state's highest court. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). The purpose of this requirement is "to give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal citation and quotation marks omitted).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-732 (1991). Procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1). This court cannot review the merits of a procedurally defaulted claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989).

When a claim has been adjudicated on the merits in state court, a federal court owes considerable deference to the state court's decision with respect to that claim. Pursuant to 28 U.S.C. § 2254(d), this court may grant habeas relief on a claim that was adjudicated on the merits in state court only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## Discussion

### I.  Claims A and B

In claims A and B, Young alleges that the evidence was insufficient to support his conviction for armed robbery, and that the Court of Appeals erred in affirming his conviction on direct appeal. More specifically, Young contends that the Commonwealth failed to demonstrate that he used a "deadly weapon" during the robbery, as alleged in the indictment.[1]

Young raised the same argument on direct appeal. Upon reviewing the evidence presented by the Commonwealth, the Court of Appeals found "no error with the jury's conclusion that [Young] used a deadly weapon during the robbery," and determined that "[the] Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Young] was guilty of robbery." (Aug. 14, 2008 Op. at 4). For the following reasons, the court concludes that the Court of Appeals' decision is entitled to deference under 28 U.S.C. § 2254(d).

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The court must

---

[1] The indictment alleged, in pertinent part, that the petitioner:

> did unlawfully and feloniously and violently take, steal and carry away approximately $1,178.00 in United States currency of the goods, chattels and property of Check 'n Go . . . from the person or in the presence of and against the will of Shanna Denise Jones, after placing her in fear of bodily injury by presenting a deadly weapon, to-wit: a pistol, in violation of Section 18.2-58, Code of Virginia, 1950, as amended.

4

consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The court does not weigh the evidence or review the credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Applying these principles, the court concludes that a rational trier of fact could have found the essential elements of the crime at issue beyond a reasonable doubt. The evidence at trial revealed that Shanna Denise Jones was working at a check-cashing facility in Danville, Virginia, when she was robbed on January 21, 2004. Jones testified that Young entered the store while she was working alone and placed a small note on the counter. The note read, "I have a gun. Give me two thousand, one hundred dollars. You have ten seconds to do it." (Trial Tr. at 74). Jones testified that after she read the note, Young pulled a gun out of his coat pocket, pointed it at her, and said, "Just do what I say and you won't get hurt." (Trial Tr. at 74). Jones described the weapon as a "big silver gun" with "a little bit of black in it." (Trial Tr. at 114). She testified that Young pointed the gun at her "the whole time." (Trial Tr. at 75). While the gun was pointed at her, Jones opened her cash drawer and gave Young all of the cash inside, totaling $1,176.00. Young then left the store, and Jones pressed the panic button at her station to alert police, who responded to the scene. Jones testified that she was afraid that Young would return to the store and kill her, since it was broad daylight and he was not wearing a mask.

The robbery was recorded by a surveillance camera in the store. Jones narrated the video as it played for the jury, pointing out the petitioner, the gun, and the point at which she gave the petitioner the money in her drawer. Jones positively identified the petitioner as the robber, both at his preliminary hearing and at trial.

One week after the robbery, Young was interviewed by investigators regarding an unrelated matter. During the interview, Young admitted to having robbed Jones at the cash advance store in Danville. However, he claimed that he did not use a real gun during the robbery, but instead used a BB gun. At the time of his arrest, police found a black BB gun in his car.

Detective Michael Wallace acknowledged that a BB gun had been recovered from the vehicle driven by Young. However, Wallace testified that he did not know what kind of gun was actually used during the robbery, and that no gun was ever recovered from the robbery.

As previously noted, the indictment specifically alleged that Young presented a "deadly weapon" during the robbery. Assuming that the Commonwealth needed to demonstrate that the petitioner possessed a deadly weapon, the court concludes that the evidence, when viewed in the light most favorable to the Commonwealth, was sufficient to satisfy this element.

The Supreme Court of Virginia has defined a "deadly weapon" as "one which is likely to produce death or great bodily injury from the manner in which it is used." Pannill v. Commonwealth, 38 S.E.2d 457, 462 (Va. 1946). "[W]hether a weapon is to be regarded as deadly often depends more on the manner in which it has been used than on its intrinsic character." Id.; see also Pritchett v. Commonwealth, 252 S.E.2d 352, 353 (Va. 1979) (holding that a club was a deadly weapon). The issue is generally one for the jury to decide.[2] See Inge v. Commonwealth,

---

[2] In this case, the jury was instructed as follows:

> To find that a deadly weapon was presented, you must determine whether the object used was designed and constructed for the purpose of killing or wounding and that such object was held out as an offensive weapon capable of inflicting death or great bodily injury.

On direct appeal, the Court of Appeals of Virginia held that this instruction "clearly stated the law and accurately covered the pertinent issues raised by the evidence." (Aug. 14, 2008 Op. at 3).

570 S.E.2d 869, 870 (Va. App. Ct. 2002) ("Whether an instrument is a deadly weapon is a question of fact.").

When viewed in the light most favorable to the Commonwealth, the court concludes that the Commonwealth presented sufficient evidence to prove that Young presented a deadly weapon during the robbery. As the Court of Appeals emphasized in its opinion, Young informed Jones that he had a "gun" when he approached her at the counter, and then proceeded to point the weapon at her during the entire robbery. Young also indicated that he would harm her unless she complied with his demands, thereby suggesting that the gun was capable of producing death or great bodily injury. Jones testified that the weapon was a "big silver gun" with "a little bit of black in it." (Trial Tr. at 114). In contrast, the BB gun recovered from Young's vehicle a week later was described as being black. Based on the evidence presented at trial, a reasonable jury could have concluded that the weapon used during the robbery was not the BB gun found in Young's car. While Young continues to maintain that he did not present a deadly weapon during the robbery, the jury was free to believe his admission that he committed the robbery and reject his contention that he did not use an actual gun.[3] The jury's credibility determination may not be reevaluated by this court on federal habeas review. See Wright v. West, 505 U.S. 277, 296 (1992) ("In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that 'all of the evidence is to be considered in the light most favorable to the prosecution'; that the prosecution need not affirmatively 'rule out every hypothesis except that of guilt'; and that a reviewing court 'faced with

---

[3] Alternatively, as the Court of Appeals noted, "[t]he jury could reasonably have believed that a BB gun, shot at close range, could seriously injure or kill another human being" and, thus, constitute a deadly weapon under Virginia law. (Aug.14, 2008 Op. at 3).

7

a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.") (quoting Jackson, 443 U.S. at 319, 326).

In sum, the court concludes that a rational trier of fact could have found the defendant guilty of the offense with which he was charged, and that the Court of Appeals' decision to reject the petitioner's challenge to the sufficiency of the evidence did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Accordingly, claims A and B must be dismissed.

**II.   Claim C**

In his final claim, Young contends that he was denied due process in relation to claim A when the Court of Appeals "ignored and refused to decide the specificity of the claim" as preserved at trial by the motion to set aside the verdict and as presented to the Court of Appeals. Having reviewed the record, the court agrees with the respondent that this claim was not fairly presented in state court, and that it is procedurally defaulted. If Young now attempted to present the claim in a state habeas petition, the claim would be barred by Virginia Code § 8.01-654(B)(2), which generally prohibits successive petitions. The United States Court of Appeals for the Fourth Circuit has recognized that the procedural rule set forth in Virginia Code § 8.01-654(B)(2) provides an adequate and independent ground for the denial of federal habeas relief. Fisher v. Angelone, 163 F.3d 835, 851-852 (4th Cir. 1998). Because Young has failed to establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, claim C "is not cognizable in a federal habeas petition." Id. at 852.

In any event, even if claim C was not procedurally defaulted, the petitioner would not be entitled to habeas corpus relief. For the reasons set forth above, Young's challenge to the sufficiency of the evidence to support his conviction was properly rejected on direct appeal, and he has failed to show that the Court of Appeals' decision involved constitutional error.[4] Accordingly, claim C is also subject to dismissal.

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. Additionally, because the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 12th day of August, 2011.

_____
Chief United States District Judge

---

[4] To the extent Young seeks to challenge the Court of Appeals' interpretation or application of Virginia law, such claim is not cognizable on federal habeas corpus review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").